1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9

10   GEORGE T. BURKE,                          No. C 06-06950 WHA

11            Plaintiff,

12      v.                                     **ORDER GRANTING**
                                               **MOTIONS TO DISMISS**
13   THE STATE BAR OF CALIFORNIA,
     ALLEN YOCHELSON, BARBARA
14   ANSCHER, GALAL GOUGH, ALLEN
     MALMQUIST, DEBRA MURPHY-
15   LAWSON, STATE OF CALIFORNIA, and
     BILL LOCKYER,
16
              Defendant.
17   _____/

18
                              **INTRODUCTION**
19
20          This action alleges an improper denial of admission to membership to the State Bar of

21   California.  Defendants have moved to dismiss the complaint in its entirety.  For the reasons

22   stated below, the motions to dismiss are **GRANTED**.

23                              **STATEMENT**

24          The complaint is not a model of clarity, but the essential facts are recited here as they

25   are alleged in the complaint.  Plaintiff George Burke graduated from law school in May 2005

26   and passed the February 2006 California State Bar Exam.  On January 5, 2005, Burke submitted

27   his moral character application to the Committee of Bar Examiners of the State Bar of

28   California.  He disclosed his criminal history in the application, which included six prior

     misdemeanor violations for driving under the influence of alcohol between 1979 and 1991,

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1    misdemeanor convictions for driving with a suspended license and attempting to evade police

2    officers, and a no-contest plea in connection with a vandalism charge (Compl. ¶¶ 3, 20, 21, 36).

3           After "delays in the processing of his application," Burke sent a four-page letter to the

4    committee in December 2005.  In the letter, he disclosed "supposedly mitigating factors,"

5    including his genetic predisposition to alcoholism, environmental challenges in his childhood,

6    and his "strong interest in moral philosophy and beliefs about God."  The moral character

7    department "reacted negatively" to his letter and further delayed the processing of Burke's

8    application.  In May 2006, Burke received a letter notifying him that his certification to practice

9    law would be delayed because of "multiple criminal convictions and related alcohol abuse"

10   (Compl. ¶¶ 38, 39, 40).

11          A week after receiving the letter, Burke sent another letter to the committee "amending"

12   his application for admission to "include a request for reasonable accommodation for the prior

13   record of alcoholic impairment under the Americans with Disabilities Act, and other civil rights

14   laws."  He received no response from the committee.  He made a second request for reasonable

15   accommodation.  The committee sent a letter back to Burke in June 2006 that "totally rejected

16   Mr. Burke's second request for a reasonable modification" (Compl. ¶¶ 43–47).

17          The committee held an informal conference on July 7, 2006, at which Burke appeared.

18   According to the complaint, the members of the Subcommittee on Moral Character expressed a

19   "hostile demeanor" to Burke.  Burke verbally requested "re-integration into society to the

20   maximum extent possible under the law, as required by the ADA, saying that otherwise the

21   subcommittee would falsely render him disabled again."  The subcommittee requested that

22   Burke undergo a psychiatric evaluation.  Burke refused to submit to one.  Burke then filed

23   administrative complaints against the State Bar of California with various state and federal

24   agencies, including the United States Department of Justice, the California Department of Fair

25   Employment and Housing, and the Equal Employment Opportunity Commission.  All of those

26   agencies declined to take action (Compl. ¶¶ 48, 49, 54, 67–71, 79, 80, 82).

27          By letter dated October 2, 2006, the committee notified Burke that it would not

28   recommend his admission to the California Supreme Court.  Its decision was based on factors

2

including Burke's numerous prior convictions, "lack of candor" on applications to several law schools for failure to disclose those convictions on his applications, and a general "failure to establish that [he was] of good moral character."  The letter also informed him that he could appeal the committee's decision to the State Bar Court within 60 days of service of the letter (Compl. Exh. 1).  Burke has not appealed the committee's recommendation.

The complaint alleges violations of 42 U.S.C. 1983, Title II of the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, the Age Discrimination in Employment Act, the due process and equal protection clauses of the Fourteenth Amendment, the First Amendment, California's Fair Employment and Housing Act, and Article I of the California Constitution.

**ANALYSIS**

Defendants have moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.  "[I]n reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, [a court must] take the allegations in the plaintiff's complaint as true."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  The Ninth Circuit has stated: "A Rule 12(b)(1) jurisdictional attack may be facial or factual.  In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  Defendants here attack jurisdiction facially by contending that the complaint itself demonstrates that this Court lacks subject-matter jurisdiction over this action.

The complaint is based on Burke's exclusion from admission to practice law in California.  Burke admits in his complaint, however, that while the committee declined to recommend him for admission, he has not sought review of that recommendation by the California Supreme Court (Compl. ¶ 98).  This fact is fatal to his entire action.

Ninth Circuit authority on this issue is clear — an applicant who fails to appeal a recommendation of the committee to the California Supreme Court has not been denied any

cognizable rights, and therefore there is no case or controversy for a federal court to adjudicate. *See Giannini v. Comm. of Bar Examiners of the State Bar of Cal.*, 847 F.2d 1434, 1435 (9th Cir. 1988); *Margulis v. State Bar of Cal.*, 845 F.2d 215, 216–17 (9th Cir. 1988); *Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967). The Ninth Circuit first addressed this issue in *Chaney*. There, the plaintiff, an applicant for admission to the California bar, had failed the bar examination twice. Because he was not certified for admission to the Supreme Court of California, he sued the State Bar of California, members of its Board of Governors, and members of its Committee of Bar Examiners for injunctive relief and damages. The Ninth Circuit held that there was no basis for federal relief because the plaintiff had not appealed the decision to the California Supreme Court. The Ninth Circuit held:

> Under California law, refusal of the Committee to certify an applicant to the Supreme Court is not a terminative or fixative step in his seeking of admission to the bar. Neither the State Bar of California nor its Board of Governors nor its Committee of Bar examiners has any power to grant or to deny admission to the bar. That power is vested in the California Supreme Court alone.

*Chaney*, 386 F.2d at 963, 966 (citing *In re Lacey*, 11 Cal.2d 699, 701 (1938)). Under California law, the committee's certification or refusal to certify "is legally simply a recommendation to the [California Supreme Court]." The Ninth Circuit quoted the California Supreme Court's holding that the committee's recommendation "is advisory only" because "the final determination in all these matters rests with [the California Supreme Court] and its powers in that regard are plenary and its judgment conclusive." *Lacey*, 11 Cal. 2d at 701.

The *Chaney* court recognized that California statutory law provided that "[a]ny person refused certification to the Supreme Court for admission to practice may have the action . . . reviewed by the Supreme Court, in accordance with the procedure prescribed by the court." *Chaney*, 386 F.2d at 966 (quoting Cal. Bus. & Prof. Code 6066). Relevant to the instant action, the *Chaney* court held: "[T]he situation here is not a matter of exhausting state remedies in respect to an alleged federal right but of there being no basis for any alleged federal right to exist as to the Committee's actions until the California Supreme Court in the exercise of its original power over admissions has allowed these actions to serve as a deprivation." Accordingly, the committee's actions alone "could not give rise to any right of federal

remediability until it had been made the basis of a deprivation of admission."  Such a deprivation "could not legally occur until the California Supreme Court had expressly or impliedly approved the Committee's refusal to certify and thus had allowed the Committee's actions to become the basis of a denial of admission."  *Id.* at 966.  The Ninth Circuit has subsequently relied on *Chaney* for this proposition several times.  *See Giannini*, 847 F.2d at 1435 ("Until such review [by the California Supreme Court] is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place."); *Margulis*, 845 F.2d at 216 ("Due to [the applicant's] failure to petition for review, the state has never officially acted on his application and, therefore, has never deprived him of federally protected rights.").

This Court lacks subject-matter jurisdiction over all of Burke's federal claims pursuant to *Chaney*.  Because Burke has not petitioned for review of the committee's decision before the California Supreme Court, there has not been any cognizable deprivation of federal rights.  "This prerequisite to federal deprivation operates as a bar upon [Burke's] suit in federal court."  *Giannini*, 847 F.2d at 1435.  Burke's opposition to the motions to dismiss ignores *Chaney* and its progeny.

Burke does attempt to justify ignoring the appeal requirement.  His position lacks merit.  In his complaint, Burke contends that "the State Bar Court's (limited power) moral character appeal process will result in repressive, unfair delays and involuntary waiver of Mr. Burke's federal and state civil rights, remedies and procedures, and eliminate access to federal courts for vindication thereof on account of the abstention doctrine, and state courts due to the restrictive California State Bar Act procedures" (Compl. ¶ 98).  This order holds that Burke's bare allegation that Supreme Court review would result in "repressive, unfair delays" is not enough to excuse the strict-compliance rule the Ninth Circuit enforced in the above-cited cases.  Burke has not identified any specific prejudice he would suffer if he was required to give the California Supreme Court an opportunity to rule on his application.  Indeed, the Ninth Circuit has held that "[n]ot even a claim of futility . . . could excuse" the failure to seek Supreme Court review.  *Giannini*, 845 F.2d at 1435.

5

United States District Court

For the Northern District of California

At oral argument, Burke attempted to distinguish *Chaney* on other grounds.  Burke contends that:  (1) *Chaney* is limited to Section 1983 claims and that it does not apply, for example, to his ADA and First Amendment claims; (2) *Chaney* used a "loose" definition of standing; (3) *Chaney* was superseded by the ADA; (4) *Chaney* was rendered obsolete by the creation of the State Bar Court; and (5) *Chaney*, *Giannini*, and *Margulis* are distinguishable because the plaintiffs in those decisions failed the bar exam.  The Court has considered these arguments and finds that they lack merit.  *Chaney* and its progeny remain good law and apply to all federal claims asserted by Burke.  In *Giannini*, for example, the Ninth Circuit applied *Chaney* to bar claims based on the privileges and immunities clause of Article IV, the due process and equal protection clauses of the Fourteenth Amendment, and the commerce clause.  *See Giannini*, 847 F.2d at 1435.  Additionally, Burke has supplied no authority that the principles underlying *Chaney* were superseded by the ADA.  Moreover, even though applicants are required to first appeal to the State Bar Court, the decision by the State Bar Court, like a decision by the committee, is merely a recommendation to the California Supreme Court.  *See* Cal. Rules of Court 9.13.  The California Supreme Court is the only body vested with the authority to grant or deny admission to the bar.  This order follows the clear Ninth Circuit authority in holding that Burke's complaint "alleges no cognizable deprivation of federal rights."  *Margulis*, 845 F.2d at 217.

Finally, Burke's supplemental state claims must also be dismissed.  These are his claims under California's Fair Employment and Housing Act and Article I of the California Constitution.  Burke does not contend that this Court has diversity jurisdiction over this case.  Accordingly, this Court could only have jurisdiction over this action if it arose out of the Constitution and laws of the United States.  28 U.S.C. 1331.  For the reasons stated above, however, this Court lacks jurisdiction to hear any of Burke's federal claims.  Jurisdiction is therefore lacking over the supplemental state claims because original federal-question jurisdiction is absent.  28 U.S.C. 1367(a).  Burke's state-law claims must also be dismissed.

Because this order holds that there is no jurisdiction to hear this action, it does not address defendants' alternative arguments that the *Rooker-Feldman* doctrine bars this action,

6

1    that *Younger* abstention bars this action, and that Burke's complaint does not state a claim and

2    should be dismissed under Rule 12(b)(6).

3                                        **CONCLUSION**

4            For the reasons stated above, the motions to dismiss for lack of subject-matter

5    jurisdiction are **GRANTED**.  Generally "[a] pro se litigant must be given leave to amend his or

6    her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be

7    cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Here, however,

8    because Burke "failed to petition the California Supreme Court for review, there is no

9    conceivable way he could amend his complaint so as to state a federal claim." *Margulis*, 845

10   F.2d at 216 n.3.  The complaint must be dismissed without leave to amend.

11

12           **IT IS SO ORDERED.**

13

14   Dated:  January 4, 2007.                                  _____
                                                               WILLIAM ALSUP
15                                                             UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California