FILED

SEP 29 2008

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE T. BURKE,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>STATE BAR OF CALIFORNIA; et al.,<br><br>   Defendants - Appellees. | No. 07-15127<br><br>D.C. No. CV-06-06950-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Submitted September 8, 2008[**]

Before:   SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

 George T. Burke appeals pro se from the district court's order dismissing his 42 U.S.C. § 1983 action alleging that the defendants improperly refused to certify him for admission to the State Bar. We have jurisdiction under 28 U.S.C. § 1291.

---

 [*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

 [**]   The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

tk/Research

We review de novo. *Giannini v. Comm. of Bar Examiners of the State Bar*, 847 F.2d 1434, 1435 (9th Cir. 1988) (per curiam). We affirm.

The district court properly dismissed the action because Burke did not petition the California Supreme Court for review of the decision of the Committee of Bar Examiner's refusing to certify him for admission to the State Bar. *See id.* ("Under California law, only the state supreme court, not the Committee of Bar Examiners, has the authority to grant or deny admission to the bar.")*; see also Chaney v. State Bar of California,* 386 F.2d 962, 966 (9th Cir. 1967) ("An applicant seeking review of a decision by the Committee must file a petition for review by the California Supreme Court."). "Until such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place." *Giannini,* 847 F.2d at 1435.

We construe the district court's dismissal to be without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam).

Burke's remaining contentions are unpersuasive.

**AFFIRMED.**

tk/Research                                     2